*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ANTHONY RICE,

      Defendant-Appellant.

UNPUBLISHED
October 16, 2025
1:52 PM

No. 372781
Macomb Circuit Court
LC No. 2023-002084-FH

Before: SWARTZLE, P.J., and ACKERMAN and TREBILCOCK, JJ.

PER CURIAM.

Defendant appeals as of right his jury conviction of malicious destruction of property involving damage of $1,000 or more but less than $20,000, MCL 750.377a(1)(b)(*i*). The trial court sentenced him to 12 months' probation. On appeal, defendant contends that he was deprived of his right to counsel and the effective assistance of counsel. Because he waived the former and abandoned the latter, we affirm.

## I. BACKGROUND

This case arises from a March 19, 2023 incident in a Kroger parking lot, during which defendant scratched the victim's vehicle with his car keys, causing damage.[1] Defendant was charged with malicious destruction of property, and the court appointed attorney Erin Fogel to represent him.

A jury trial was originally scheduled for February 27, 2024. Because Fogel was unavailable, another attorney from her firm, Daniel N. Garon, appeared on defendant's behalf. Defendant objected, asserting that he had fired Garon. The trial court reminded defendant that Fogel and Garon worked in the same firm and asked whether defendant was comfortable with

---

[1] The underlying facts are not material to the issues on appeal.

Fogel representing him at an adjourned trial date. Defendant confirmed that he wanted Fogel, and the court adjourned the trial to accommodate that request.

On June 25, 2024, the parties appeared for the rescheduled trial. Once again, Garon appeared in Fogel's stead. Before the jury was impaneled, the court noted defendant's earlier objection to Garon's representation and asked whether there had since been a "meeting of the minds" between Garon and defendant. Garon responded affirmatively, explaining that he and defendant had "many conversations," that defendant had signed an order substituting Garon for Fogel, and that the defense was ready to proceed. Defendant acknowledged that, although he had "dismissed [Garon] twice," Fogel told him Garon "was a very good litigator," so defendant was going to "have [] confidence in him." The case then proceeded to trial.

The jury convicted defendant as charged, and the trial court imposed the sentence described above. Defendant now appeals.

## II. DISCUSSION

Defendant contends that he was deprived of the right to counsel because, despite his earlier objection to Garon standing in for Fogel, Garon represented him at trial. He also asserts that Garon rendered ineffective assistance. He waived his right-to-counsel claim and abandoned his ineffective-assistance claim.

Waiver is "the intentional relinquishment or abandonment of a known right." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (cleaned up). "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *Id*. (citation omitted).

Although defendant initially objected to Garon's appearance at the first scheduled trial date, at the rescheduled trial he expressly consented to Garon's representation—both orally and by signing an order substituting Garon for Fogel. Having expressly agreed to proceed with Garon, defendant waived any claim that he was denied the right to counsel. See *People v Spaulding*, 332 Mich App 638, 653; 957 NW2d 843 (2020) (holding that "[a] party's explicit and express approval" of a trial court's action "waives any error and precludes appellate review" of that action); *People v Szalma*, 487 Mich 708, 726; 790 NW2d 662 (2010) ("[A] party may not harbor error at trial and then use that error as an appellate parachute.").

As to ineffective assistance, defendant merely asserts—without elaboration—that he was "denied the effective assistance of counsel by Mr. Garon." He identifies no specific errors, offers no supporting analysis, and cites no authority. That claim of error is therefore abandoned. See *People v Henry*, 315 Mich App 130, 148; 889 NW2d 1 (2016) (citation omitted) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority.").

Affirmed.

/s/ Brock A. Swartzle
/s/ Matthew S. Ackerman
/s/ Christopher M. Trebilcock